ORANGE PRESCOTT *v.* GEORGE A. PRESCOTT, APPELLANT.

*Contract. Construction. Trover.*

The clause, "It is agreed by the parties aforesaid, that said A has the right to sell said machine at any time, by paying said B the above mentioned note and interest," contained in a bill of sale of a mowing-machine given by A to B to secure the payment of a promissory note from A to B, does not empower A to sell the machine, until he shall first pay the note.

TROVER for a mowing-machine. Plea, the general issue. Trial by the court, December term, 1867, PECK, J., presiding.

The plaintiff claimed title to the machine by virtue of a written instrument, read in evidence, of which the following is a copy:

"To all persons whom it may concern. Know ye that I, George A. Prescott, of Vershire, being justly indebted to Orange Prescott, of Vershire, by my certain note of hand dated October 11, 1865, for the sum of one hundred dollars, and made payable to him or bearer on demand, with interest annually, in consideration thereof have pledged, and do hereby and herewith pawn and deliver, unto said Orange Prescott, one mowing-machine called the 'Farmer B, 1669,' to have and to hold said machine in pledge as security for the payment of said note; and in case said note be not well and truly paid according to the tenor and effect thereof, I hereby authorize and empower said Orange Prescott in good faith to sell said machine at public auction or at private sale, as he shall judge most proper, and to apply the avails thereof in payment of said note and interest, and of his reasonable charges in keeping and selling said machine as aforesaid, the surplus, if any, to be returned to me on demand. It is agreed by the parties aforesaid, that said George A. Prescott has the right to sell said machine at any time, by paying said Orange Prescott the above mentioned note and interest."

This instrument was dated September 15, 1866, signed and witnessed. The note was also read in evidence by the plaintiff.

The machine, at the time the instrument was executed, was in the possession of one William Prescott, who, when notified by the plaintiff of his lien upon it, promised to keep it for him. The defendant afterward removed the machine from the possession of William Prescott and sold it, although the plaintiff forbade his doing so, until he should pay the note.

Judgment for the plaintiff for the amount of the note. Exceptions by the defendant.

*C. W. Clarke*, for the defendant.

The question is what construction is to be put upon, and effect given to, the last clause of the writing produced by the plaintiff in evidence. The defendant contends that, legally and rationally construed, it confers upon him the right to sell the machine as he did. The machine was pawned and pledged to the plaintiff, possession given, and he was empowered to sell. This, beyond question, placed the property beyond the reach of creditors, and this, we insist, was all that the parties aimed at; but the right to sell absolutely, is unconditionally reserved to the defendant; *uncon-*

*ditionally*, because, if this right could be exercised only on condition that the defendant should, previously to such sale by him or simultaneously with it, pay the note, this clause would be wholly unnecessary and without any effect, because it would secure to the defendant no control or right which he would not have without it.

*Hebards*, for the plaintiff.

The only object in giving this bill of sale of the mowing-machine, was to secure the note which the plaintiff held against the defendant. If the defendant had a right to take that machine out of the custody of the plaintiff without first paying him the note, then the bill of sale was a mere nullity, and the plaintiff had no security for his note. By the terms of the writing, the defendant has the right to sell the machine at any time, " by paying the plaintiff the above mentioned note and interest;" which means that the defendant must first pay the note, and then he has a right to do what he pleases with the machine.

The opinion of the court was delivered by

PROUT, J. In this action the plaintiff seeks to recover the value of a mowing-machine which the case shows the defendant converted to his own use. In the county court, on the trial the plaintiff, in making out his title, introduced in evidence the written instrument made a part of the case, by which the defendant in terms pledged the machine to the plaintiff as security for the payment of the note therein referred to. In this particular there does not seem to be any ambiguity or doubt. Nor do we think the plaintiff's lien upon the machine at all qualified or limited by the last clause of the instrument. The defendant had the right of disposing of it, only by paying the plaintiff's debt secured by the pledge. If the object had been merely to secure the property as against the defendant's other creditors, as suggested, the parties would have indicated that intention by very different language. We do not think such is the construction to be given the instrument, and it would be doing violence to the language in which

.the paper is expressed, to hold by mere construction that the par-
ties had such unjustifiable, if not illegal, purpose in view. This
being the only question reserved, the judgment of the county
court is affirmed.